**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIAN XIN ZHOU,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   16-72693

Agency No. A099-635-704

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Jian Xin Zhou, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083, 1089-90 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the BIA's determination that Zhou failed to provide sufficient corroborative evidence, along with his credible testimony and the rest of the evidence in the record, to meet his burden of proof to establish eligibility for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Ren*, 648 F.3d at 1094 (corroborative evidence consisting of "two short and vague letters," along with the rest of the evidence in the record, did not compel the conclusion that the petitioner had met his burden of proof). Thus, Zhou's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Zhou failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject Zhou's contention that the agency ignored evidence or otherwise erred in its legal analysis. *See*

2                                                                                  16-72693

*Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency adequately considered evidence and sufficiently announced its decision).

We do not consider the country conditions reports Zhou references in his opening brief that are not a part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITON FOR REVIEW DENIED.**